IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

FRANK L. KARR                                                                                    PLAINTIFF
13316 Trappers Crossing
Goshen, Kentucky 40026

                                                              Case No.   3:17-cv-643-TBR

                                                              Senior
                                                              Judge   Thomas B. Russell

v.

LINK REVENUE RESOURCES, LLC                                                    DEFENDANTS
4891 Ronson Court, Suite E
San Diego, California 92111

        SERVE:        The Corporation Trust Company
                               1209 Orange Street
                               Wilmington, Delaware 19801
                               (BY KENTUCKY SECRETARY OF STATE)

AND

VAN RU CREDIT CORP.
1350 East Touhy Avenue, Suite 300E
Des Plaines, Illinois 60018

        SERVE:        Illinois Corp. Service Co.
                               801 Adlai Stevenson Drive
                               Springfield, Illinois 62703
                               (BY KENTUCKY SECRETARY OF STATE)

                                             ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Frank L. Karr, and for his Verified Complaint against the Defendants, Link Revenue Resources, LLC ("Link") and Van Ru Credit Corp. ("Van Ru"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages brought by Plaintiff, Frank L. Karr, an individual consumer, against Defendants Link and Van Ru for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), which, among other things, prohibits debt collectors like Link and Van Ru from attempting to collect debts from consumers which are not due and owing and which the debt collectors knows have been paid.

### II. PARTIES

2. Plaintiff, Frank L. Karr, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 13316 Trappers Crossing, Goshen, Kentucky 40026.

3. Defendant, Link, is a Delaware limited liability company engaged in the business of collecting debt in the Commonwealth of Kentucky with its principal place of business located at 4891 Ronson Court, Suite E, San Diego, California 92111. The principal business purpose of Link is the collection of debts and Link regularly attempts to collect debts in the Commonwealth of Kentucky.

4. Link is engaged in the collection of debts from consumers using the mail and telephone. Link regularly attempts to collect consumer debts alleged to be due to another. Link is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. Defendant, Van Ru, is an Illinois corporation engaged in the business of collecting debt in the Commonwealth of Kentucky with its principal place of business located at 1350 East Touhy Avenue, Suite 300E, Des Plaines, Illinois 60018. The principal business purpose of Van Ru is the collection of debts and Van Ru regularly attempts to collect debts in the Commonwealth of

Kentucky.

6. Van Ru is engaged in the collection of debts from consumers using the mail and telephone. Van Ru regularly attempts to collect consumer debts alleged to be due to another. Van Ru is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FDCPA, 15 U.S.C. §1692k(d); (2) pursuant to 28 U.S.C. §1337; (3) pursuant to 28 U.S.C. §2201 and §2202; and (3) because the transactions and occurrences giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendants' doing business in Oldham County, Kentucky.

### IV. FACTUAL BACKGROUND

8. On or about June 30, 2014, Plaintiff incurred and paid a medical bill to Jewish Hospital in connection with a medical procedure at Jewish Hospital.

9. Soon after Plaintiff paid the bill, Jewish Hospital began attempts to collect from Plaintiff payment for the already paid medical bill. Jewish Hospital's attempt to collect the bill continued despite Plaintiff's provision to Jewish of proof of his payment of the medical bill.

10. After its own attempts to collect the debt failed – because Plaintiff had already paid the debt – Jewish sold or assigned the debt General Service Bureau, Inc., a debt collector. General Service Bureau continued to attempt to collect the debt even though Plaintiff paid the debt to Jewish at the point of service in June 2014.

11. After General Service Bureau's attempts to collect the debt failed – because Plaintiff had already paid the debt – General Service Bureau sold or assigned the debt to MSCB, Inc., a debt collector. MSCB, Inc. continued to attempt to collect the debt even though Plaintiff paid the debt to Jewish at the point of service in June 2014.

12. After MSCB, Inc.'s attempts to collect the debt failed – because Plaintiff had already paid the debt – MSCB sold or assigned the debt to Van Ru, a debt collector. Van Ru has continued to attempt to collect the debt even though Plaintiff paid the debt to Jewish at the point of service in June 2014. Specifically, Van Ru forwarded correspondence to Plaintiff dated October 24, 2016 demanding payment of the already paid Jewish Hospital medical bill.

13. Upon receipt of Van Ru's correspondence of October 24, 2016, Plaintiff disputed the validity of the debt to Van Ru. Upon information and belief, Van Ru, despite Plaintiff's dispute, continued to attempt to collect the debt. Further, Van Ru has never notified Plaintiff that the subject debt has been cancelled or that Van Ru will cease collection efforts.

14. After Van Ru's attempts to collect the debt failed – because Plaintiff had already paid the debt – Van Ru sold or assigned the debt to Link, a debt collector. Link has continued to attempt to collect the debt even though Plaintiff paid the debt to Jewish at the point of service in June 2014. Specifically, Link forwarded correspondence to Plaintiff dated March 20, 2017 demanding payment of the already paid Jewish Hospital medical bill.

15. Upon receipt of Link's correspondence of March 20, 2017 Plaintiff disputed the validity of the debt to Link. Upon information and belief, Link, despite Plaintiff's dispute, continues to attempt to collect the debt. Further, Link has never notified Plaintiff that the subject debt has been cancelled or that Link will cease collection efforts.

16. Plaintiff has suffered humiliation, embarrassment, and physical and mental distress due to Link's and Van Ru's violations of the FDCPA.

## V. CLAIMS

**Violation of the FDCPA**

17. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 16 as if fully set forth herein.

18. Link and Van Ru violated the FDCPA. Link's and Van Ru's violations of the FCDPA include, but are not limited to, violations of 15 U.S.C. §1692e(2)(A) and §1692f(1) which respectively prohibit a debt collector's false representation concerning the character, amount or legal status of any alleged debt, and prohibit attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19. As a result of the foregoing violations of the FDCPA, Link and Van Ru are liable to Plaintiff for declaratory judgment that Link's and Van Ru's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff, Frank L. Karr, respectfully demands the following:

1. Trial by jury on all issues so triable;
2. Entry of a declaratory judgment that Defendants' conduct violated the FDCPA;
3. Actual damages;
4. Statutory damages pursuant to 15 U.S.C. §1692k;
3. For attorneys' fees and costs; and,
4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
CREDITLAW, PSC
616 South Fifth Street
Louisville, KY 40202
Phone, (502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

And

/s/*Sam B. Carl*
Sam B. Carl
CREDITLAW, PSC
616 South Fifth Street
Louisville, KY 40202
Phone, (502) 443-1060
sambcarl@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Frank L. Karr, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____*Frank L. Karr*_____
Frank L. Karr

COMMONWEALTH OF KENTUCKY )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Frank L. Karr this 18th day of October, 2017.

_____
Notary Public

Commission expires: March 28, 2018

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

7